# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-10471
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JOSE NICOLAS GARCIA

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before GARWOOD, JOLLY and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Nicolas Garcia was convicted, following a jury trial, of conspiracy to distribute and possess with intent to distribute more than 100 grams of heroin; distribution of and possession with intent to distribute more than 100 grams of heroin; and possession of a firearm in furtherance of a drug trafficking crime. Garcia was sentenced to a total of 241 months of imprisonment. He argues on appeal that the district court abused its discretion by refusing to give a jury instruction on the affirmative defense of duress. He also asserts that there was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

insufficient evidence for a reasonable jury to convict him of possessing a firearm in furtherance of a drug trafficking crime.

Garcia testified that he delivered the heroin because he was afraid for his safety and that of his family. However, Garcia never explained why he harbored this fear, and he admitted on cross-examination that no one actually ever threatened him or his family. Thus, there is no evidence to support a finding (by a preponderance of the evidence) in Garcia's favor on the first necessary element of the defense of duress: that he be under a "present, imminent, or impending" threat when he delivered the heroin. *See United States v. Posada-Rios*, 158 F.3d 832, 873-74 (5th Cir. 1998); *see also United States v. Villegas*, 899 F.2d 1324, 1344 (5th Cir. 1990) (noting that "[e]vidence of a mere 'generalized fear' does not satisfy the requirement of a well-founded fear of impending death or serious bodily harm" for a duress defense). Therefore, district court did not abuse its discretion by denying his requested jury instruction. *See Posada-Rios*, 158 F.3d at 873-75.

Garcia also contends that there was insufficient evidence to convict him of possessing a firearm in furtherance of a drug trafficking crime. He contends that the Government failed to show a nexus between the firearm and any criminal activity. Because Garcia moved a for judgment of acquittal at the close of the Government's case and at the close of all of the evidence, the issue is preserved for review. *See* FED. R. CRIM. P. 29(a). The standard of review in assessing the sufficiency challenge is "whether, considering all the evidence in the light most favorable to the verdict, a reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt." *United States v. Mendoza*, 226 F.3d 340, 343 (5th Cir. 2000).

Testimony at trial established that Garcia's house was used to store the heroin that he and his coconspirator obtained from Mexico. At the time of his arrest, Garcia was found in possession of 150.9 grams of heroin. Later, an additional 79.3 grams of heroin were seized from Garcia's house along with a

2

sawed-off shotgun (the serial number of which had been obliterated). Garcia acknowledged that he owned the shotgun and the heroin. The shotgun was loaded, easily accessible, and located in the same room as the heroin. Although the shotgun was described as being in "poor shape," it was "in working order" and illegal to possess. Furthermore, an agent employed by the Drug Enforcement Administration testified that it is common to find drugs and firearms in the same area, "[b]ecause the drug traffickers typically are afraid that somebody might rip them off of their drugs, so they keep guns for protection." The evidence was sufficient for a reasonable factfinder to have found Garcia guilty of possessing the shotgun in furtherance of the drug trafficking crime. *See United States v. Ceballos-Torres*, 218 F.3d 409, 414-15 (5th Cir. 2000). Accordingly, the judgment of the district court is AFFIRMED.